# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3358WM

———————

Richard Dale Peterson,          *

                          *

         Appellant,         *

                          *   On Appeal from the United

    v.                       *   States District Court

                          *   for the Western District

                          *   of Missouri.

James A. Gammon, and      *

Jeremiah (Jay) Nixon,      *

                          *

         Appellees.         *

———————

Submitted: December 14, 1999

Filed: January 27, 2000

———————

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and MELLOY,[1] District Judge.

———————

RICHARD S. ARNOLD, Circuit Judge.

Richard Peterson appeals from the District Court's dismissal of his petition for writ of habeas corpus as untimely. The petitioner argues that the District Court failed to apply correctly the one-year limitation period of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), when computing his filing deadline.

———————

[1]The Hon. Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

This statute provides a one-year grace period for filing a petition for writ of habeas corpus. This period of limitations is tolled while properly filed state-court post-conviction proceedings are "pending." We hold that such proceedings are "pending" during the interval between a trial court's denial of post-conviction relief and the filing of a timely appeal from that denial. This interval should therefore not be counted against a petitioner's one-year time limit. We therefore reverse.

I.

On February 17, 1995, the petitioner pleaded guilty to first-degree robbery and was sentenced to twenty-five years' imprisonment. On May 17, 1995, he made a motion for state post-conviction relief, which the state trial court denied on March 19, 1996. The petitioner appealed the denial of his motion on April 29, 1996. The appeal was timely under state law. The Missouri Court of Appeals affirmed the trial court's denial of relief on January 14, 1997. On January 9, 1998, the petitioner deposited his petition for habeas corpus relief in the prison mail. The application was file-stamped by the clerk of the District Court on January 13, 1998. The State argued that the petition was untimely under AEDPA.

The District Court agreed with the State's position. The Court stated that the one-year limitation period began to run on February 17, 1995; however, that limitation period was tolled while the petitioner sought post-conviction relief in state court, from May 17, 1995 (when the petitioner filed his motion for post-conviction relief), until January 14, 1997 (when the Missouri Court of Appeals affirmed the denial of post-conviction relief). If the one-year period prescribed by AEDPA began to run on January 14, 1997, petitioner would have until January 14, 1998, within which to file his federal habeas petition, and the petition in this case would be timely. The District Court, however, counted against petitioner the time between February 17, 1995, when petitioner was convicted, and May 17, 1995, when the proceeding for post-conviction relief was commenced. When this time period is included in the one year, the filing

deadline becomes October 16, 1997. Therefore, the District Court held that the filing of the petition on January 13, 1998, was untimely.

On appeal, the State does not defend the District Court's reasoning. In <u>Nichols v. Bowersox</u>, 172 F.3d 1068, 1073 (8th Cir. 1999) (en banc), this Court held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled. The conviction in this case, of course, became final before the effective date of AEDPA. No time before that date should have been used to calculate the period of limitations. The District Court did not have the benefit of our <u>Nichols</u> opinion, and its reasoning is understandable, but we must apply <u>Nichols</u>, which is now the law of this Circuit.

The State, as is its right, asserts an alternative ground for affirmance. In order to understand the State's position, we must consult the words of the statute, 28 U.S.C. § 2244(d)(2). The statute provides, in relevant part, that

> [t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The State agrees that petitioner's state post-conviction proceeding was "properly filed," but takes the position that it was not "pending" between March 19, 1996, when the state trial court denied post-conviction relief, and April 29, 1996, when the petitioner filed his timely appeal from this denial. The State agrees that no time before April 24, 1996, the effective date of AEDPA, can be counted against petitioner. It asserts, however, that the five days between April 24, 1996, and April 29, 1996, when petitioner filed his timely appeal of the denial of post-conviction relief, do count against

petitioner. During this five-day period, the State says, no post-conviction proceeding was "pending" in the state courts. Petitioner's efforts to secure post-conviction relief ceased to "pend" when the trial court rejected them, and did not again become "pending" until the filing of the state-court notice of appeal. When these five days are counted against petitioner, according to the State, the expiration of his one-year period occurred on January 8, 1998. His petition, which, under the prison-mailbox rule, see Nichols v. Bowersox, supra, 172 F.3d at 1077, was filed on January 9, 1998, was therefore untimely.

We think this construction of the statute is strained and unrealistic. When one has lost a case in a trial court, and a timely notice of appeal is filed thereafter, we think most lawyers would regard that case as "pending" during the whole time period, including the time between the trial court's action and the filing of a notice of appeal. See Mills v. Norris, 187 F.3d 881 (8th Cir. 1999).

The State attempts to draw a contrast between § 2244(d)(2), the provision relevant to this case, and § 2241(d)(1)(A). Paragraph (1)(A) has to do with the date on which the one-year period of limitations begins to run. The period begins to run from the date on which the judgment of conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. Paragraph (1)(A) does not use the word "pending," and clearly includes periods during which various stages of direct review have been completed, but the time for seeking further review has not expired. Paragraph (2) contains no reference to the time during which review may be sought, and this time, the State says, must therefore count against the time limit.

The State's argument is not without force, but it does not carry the day. The ordinary meaning of the word "pending," in our view, includes the entire period during which a notice of appeal from a denial of post-conviction review would be timely, assuming such a notice was in fact filed, which occurred here. In reaching this conclusion, we do no more than give a practical interpretation to the word "pending."

Here, the filing date, under the prison-mailbox rule, was January 9, 1998. The one-year period of limitations did not expire until January 14, 1998. The petition was therefore timely.

Petitioner argues in the alternative that the one-year period was tolled during the period of time within which he could have sought (but did not seek) review on certiorari of the decision of the Missouri Court of Appeals affirming the denial of post-conviction relief. We do not reach this argument.

Accordingly, the judgment of the District Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.