# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3041

_____

|  |  |  |
|---|---|---|
| Alan Dean Painter, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| State of Iowa, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 9, 2001

Filed: April 30, 2001

_____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and PIERSOL,[1] Chief Judge.

_____

WOLLMAN, Chief Judge.

Alan Dean Painter appeals from an order of the district court[2] dismissing his petition for a writ of habeas corpus as untimely. We affirm.

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

[2]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

After brandishing a knife during a midnight raid on the sandwich case of a Vicker's convenience store in Davenport, Iowa, Painter was convicted of first degree robbery in Iowa state court on February 16, 1995. Painter appealed, and the Iowa Court of Appeals affirmed his conviction on March 27, 1996. Painter did not seek further review from the Iowa Supreme Court, and the judgment became final on April 22, 1996.

On December 16, 1997, Painter filed for post-conviction relief in state court. The Iowa state district court denied relief, and Painter's appeal was dismissed as frivolous on November 2, 1999. Painter then filed his petition for a writ of habeas corpus in federal district court on November 11, 1999. The district court dismissed his petition, holding, pursuant to the Anti-Terrorism and Effective Death Penalty Act (AEDPA), that the action was barred because the one-year statute of limitations period had run.

We review the district court's decision de novo. Snow v. Ault, 238 F.3d 1033, 1034 (8th Cir. 2001), cert. denied, ___ S. Ct. ___, 2001 WL 243417 (April 23, 2001). Under 28 U.S.C. § 2244, as amended by AEDPA, a petitioner has one year to file his petition for a writ of habeas corpus. Id. The limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Because petitioner's conviction became final before the effective date of AEDPA, April 24, 1996, the one-year period began to run on that date. Snow, 238 F.3d at 1035. The limitation is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Iowa law allows a defendant three years in which to apply for post-conviction relief. Iowa Code Ann. § 822.3 (West 1994). On appeal, Painter argues that, because his state petition for post-conviction relief was properly filed under Iowa law, the one-

year statute of limitations was tolled until the final disposition of his state claim for post-conviction relief on November 2, 1999, and that his federal petition filed nine days later was therefore timely. He contends that equity requires us to construe section 2244(d)(2) to toll the statute of limitations during the entire three years allowed under Iowa law to apply for post-conviction relief because exhaustion of state remedies is a prerequisite for federal habeas relief and because principles of comity so demand.

A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period. Id. at 1035; Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam) (statute of limitations bar on claims raised for the first time in federal habeas petition after close of one-year period could not be cured by returning to state court to exhaust state remedies that were not time-barred); accord, Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000) ("Every circuit court that has construed 28 U.S.C. § 2244(d) has interpreted it in this way."). In this case, the one-year period ended on April 24, 1997. See Jackson, 180 F.3d at 920. Therefore, as the district court held, by the time Painter filed his state-court application on November 11, 1997, there was no federal limitations period remaining to toll, and the petition was properly dismissed as time-barred.

In light of our previous holdings, Painter's remaining arguments are foreclosed, and thus we need not discuss them.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.