# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1134

_____

Raymond Lee Thomas, Jr.,            *
                                      *

        Appellant,             *

                                      *   Appeal from the United States

    v.                         *   District Court for the

                                      *   Southern District of Iowa.

John Ault,                   *    [UNPUBLISHED]

                                      *

        Appellee.             *

_____

Submitted:  April 23, 2001

Filed:  May 17, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

The district court[1] dismissed Raymond Thomas's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244 as untimely.  We affirm.

A jury convicted Thomas of the first-degree murder of Christina Martin in Iowa state court.  Thomas completed his direct appeals and pursued state post-conviction remedies before petitioning for federal habeas relief.  In dismissing his habeas petition

_____

[1] The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

as untimely, the district court held that the time between the conclusion of Thomas's direct appeals and his application for post-conviction relief in state court counted against the section 2244 one-year statute of limitations.

Under section 2244, a petitioner has one year after his direct appeals are concluded to file his petition for a writ of habeas corpus. 28 U.S.C. § 2244(d). In contrast, Iowa law allows a defendant three years in which to apply for post-conviction relief. Iowa Code Ann. § 822.3 (West 1994). On appeal, Thomas contends that the federal statute of limitations did not begin to run until the completion of his state post-conviction proceedings. We recently rejected this argument in Painter v. Iowa, No. 00-3041, 2001 WL 431716 (8th Cir. April 30, 2001), holding that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." Id. at *1. The statute of limitations is tolled by the proper filing of an application for post-conviction relief, id., but the district court correctly included the period after the conclusion of direct review and before Thomas's application was filed in its calculation of the section 2244 time bar, see id. Thus, Thomas's habeas petition was properly dismissed as untimely.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-