# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3311

_____

John H. Wright,                    *

                                        *

     Petitioner - Appellant,       *

                                        *   Appeal from the United States

v.                            *   District Court for the

                                        *   Eastern District of Arkansas.

Larry Norris,                *

                                        *

     Respondent - Appellee.      *

_____

Submitted:  April 16, 2002

Filed:  August 14, 2002

_____

Before WOLLMAN, LOKEN and MURPHY , Circuit Judges.

_____

LOKEN, Circuit Judge.

In May 1996, Arkansas inmate John H. Wright was convicted of drug and firearm charges and received two consecutive life sentences. The Supreme Court of Arkansas affirmed his convictions on direct appeal. Wright v. State, 940 S.W.2d 432 (Ark. 1997). The trial court denied Wright's motion for state post-conviction relief, and the Supreme Court of Arkansas denied as untimely his motion for a belated appeal of that ruling. Wright v. State, 2000 WL 92335 (Ark. Jan 27, 2000). Wright then filed this petition for federal habeas corpus relief on January 29, 2001. He now appeals the dismissal of his petition as barred by the one-year statute of limitations enacted in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

and codified at 28 U.S.C. § 2244(d)(1). Reviewing the district court's[1] decision *de novo*, we affirm. See Snow v. Ault, 238 F.3d 1033, 1034 (8th Cir.) (standard of review), cert. denied, 532 U.S. 998 (2001).

The statute provides that AEDPA's one-year statute of limitations is tolled while a habeas petitioner exhausts state court remedies for his federal habeas claims. Thus, Wright's one-year period was first tolled until June 15, 1997, ninety days after his convictions were affirmed on direct appeal. See 28 U.S.C. § 2244(d)(1)(A); Jihad v. Hvass, 267 F.3d 803, 804-05 (8th Cir. 2001). At that time, his motion for state post-conviction relief was pending, so the federal limitations period was further tolled during the pendency of that state court proceeding. See 28 U.S.C. § 2244(d)(2).

The trial court denied Wright's post-conviction motion on May 1, 1998. He had thirty days to appeal that ruling. See Ark. R. App. P.-Crim. 2(a)(4). He failed to file a timely appeal. However, Criminal Appellate Rule 2(e) permits the Supreme Court of Arkansas to "entertain" belated motions to appeal up to eighteen months after post-conviction relief is denied. Wright submitted a motion for belated appeal on November 1, 1999, the last day of that eighteen-month period. The motion was not denied until January 27, 2000. Wright argues the one-year period commenced on January 27, 2000, and his January 29, 2001 federal petition was therefore timely-filed under Moore v. United States, 173 F.3d 1131, 1133-34 (8th Cir. 1999).[2]

---

[1] The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas, adopting the Report and Recommendation of the HONORABLE H. DAVID YOUNG, United States Magistrate Judge for the Eastern District of Arkansas.

[2] Moore held that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of AEDPA time limits. Therefore, filing deadlines fall on the anniversary date of the triggering event, not the day before, and a deadline is advanced to the next business day if it falls on a weekend. January 27, 2001 was a Saturday, so Wright's January 29 habeas petition was filed within one year of January 27, 2000.

We will assume without deciding that state post-conviction proceedings in Arkansas remain pending, for purposes of tolling the AEDPA statute of limitations, for the eighteen month period when the Supreme Court of Arkansas will entertain a motion for a belated appeal of the denial of state post-conviction relief.[3] Like the district court, we nonetheless conclude that Wright's federal habeas petition was untimely. To toll the statute of limitations under 28 U.S.C. § 2244(d)(2), an application for state post-conviction relief must be properly filed. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" under state law. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Here, although Wright tendered his motion for belated appeal on November 1, 1999 -- just within the eighteen-month period for Criminal Appellate Rule 2(e) motions -- he did not lodge a partial record of the lower court proceedings with the Supreme Court of Arkansas until November 8, 1999. The Clerk of Court

---

[3]The State argues, to the contrary, that nothing was pending after May 31, 1998, when Wright failed to file a timely appeal. We noted this issue without deciding it in Mills v. Norris, 187 F.3d 881, 884 n.4 (8th Cir. 1999). Very recently, the Supreme Court provided guidance as to how the issue should be analyzed in Carey v. Saffold, 122 S. Ct. 2134 (2002). The Court noted that "AEDPA's limitations period -- with its accompanying tolling provision . . . promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." 122 S. Ct. at 2138. In determining whether a particular state appellate procedure must be exhausted, it is relevant whether "that review is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999). In response to a question asked at oral argument, the State advises it has argued that the motion for belated appeal authorized by Criminal Appellate Rule 2(e) is an appellate procedure that must be exhausted before seeking federal habeas relief. But to our knowledge, the Supreme Court of Arkansas had not declared whether that motion is part of the "ordinary appellate review procedure" under state law. Because "it is the State's interests that the [AEDPA] tolling provision seeks to protect," Saffold, 122 S. Ct. at 2139-40, it will help the federal courts in Arkansas apply AEDPA's one-year statute of limitations in the future if the Supreme Court of Arkansas further clarifies the role of the Rule 2(e) motion for belated appeal in Arkansas post-conviction proceedings.

filed the motion on November 8, consistent with Criminal Appellate Rule 2 as construed in Hayes v. State, 940 S.W.2d 886, 886-87 (Ark. 1997). November 8 was seven days beyond the eighteen-month deadline, and the Supreme Court of Arkansas therefore dismissed the motion as untimely on January 27, 2000. See Wright, 2000 WL 92335 at *1. In these circumstances, the motion was not "properly filed" within the meaning of Artuz v. Bennett, and it did not further toll the AEDPA statute of limitations. Thus, Wright's one-year period commenced running, at the latest, on November 1, 1999, and his January 29, 2001 federal habeas petition was filed several months out of time.

Finally, Wright urges us to expand his certificate of appealability to include the issue of whether the circumstances surrounding his tender of the motion for a belated appeal on November 1, 1999 should give rise to further *equitable* tolling of AEDPA's one-year statute of limitations. "[W]e limit our appellate review to the issues specified in the certificate of appealability." Harris v. Bowersox, 184 F.3d 744, 748 (8th Cir.), cert. denied, 528 U.S. 1097 (1999); see 28 U.S.C. §2253(c)(1). In any event, we agree with the district court that this contention is without merit.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-