# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1897

_____

Michael Williams, also known as     *
Darren D. Franklin,     *
    *
         Appellant,     *
    *   Appeal from the United States
      v.     *   District Court for the District
    *   of Minnesota.
James H. Bruton, Warden,     *
    *
         Appellee.     *

_____

Submitted: June 14, 2002

Filed: August 20, 2002

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. § 2244(d) (1), provides a one-year statute of limitations on petitions for writs of habeas corpus under 28 U.S.C. § 2254. The district court dismissed Michael Williams's § 2254 petition as untimely, and we granted a certificate of appealability on that issue. We reverse the judgment and remand the case to the district court.

## I.

Although certificates of appealability are usually issued only when there is a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we have jurisdiction to review a district court's rulings on "preliminary procedural issues, such as [a] limitations question," *Nichols v. Bowersox*, 172 F.3d 1068, 1070 n.2 (8th Cir. 1999) (en banc). We review the district court's interpretation of the one-year AEDPA limitation provision *de novo. See Snow v. Ault*, 238 F.3d 1033, 1034 (8th Cir. 2001), *cert. denied*, 532 U.S. 998 (2001).

## II.

As relevant, AEDPA states that the one-year limitation period on § 2254 petitions "shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In 1997, Mr. Williams was convicted in Minnesota state court of two counts of criminal sexual conduct and one count of kidnaping, and he was sentenced to 268 months in prison. His convictions were affirmed on appeal, *see State v. Williams*, No. C0-97-993, 1998 WL 279207 (Minn. Ct. App. June 2, 1998). Mr. Williams then petitioned the state supreme court for discretionary review. After that petition was denied he did not seek a writ of certiorari from the United States Supreme Court.

The district court concluded that the limitations period began to run on the date that the state supreme court denied discretionary review, but, as both parties here agree, that was error. As the statute indicates, where certiorari is not sought, the running of the statute of limitations for purposes of § 2254(d)(1)(A) "is triggered ... by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999); *see also Nichols v. Bowersox*, 172 F.3d at 1071-72.

The Supreme Court rules require that a petition for certiorari be filed within ninety days from the denial of discretionary review by a state court of last resort, *see* Sup. Ct. R. 13.1, and here that ninety-day period expired in late October, 1998. The one-year time period did not actually begin running then, however, because earlier in October Mr. Williams timely filed a state petition for post-conviction relief, and under 28 U.S.C. § 2244(d)(2) the limitation period is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending."

The pivotal question before us therefore is how long Mr. Williams's "application for ... post-conviction ... review [remained] pending," *see* § 2244(d)(2). The state court denied Mr. Williams's application on April 16, 1999. Mr. Williams then had sixty days to appeal that ruling. *See* Minn. R. Crim. P. 28.02 subd. 4(3). Although Mr. Williams prepared a notice of appeal, it was sent to federal district court and was never filed in the state court of appeals, *see id.* subd. 4(1). If Mr. Williams's state post-conviction application was "pending" during the sixty-day appeal period until June 15, 1999, then his § 2254 petition, which was formally filed in federal district court on May 26, 2000,[1] was timely. But if the post-conviction application was "pending" only until he was denied relief on April 16, 1999, the limitations period expired before he filed his federal habeas corpus petition.

The state contends that our decision in *Peterson v. Gammon*, 200 F.3d 1202 (8th Cir. 2000), "suggests" that the statute of limitations is tolled during the state appeal period only if the defendant actually files a timely appeal. We stated in *Peterson* that a post-conviction application remains "pending" for the entire period during which a notice of appeal "would be timely, assuming such a notice was in fact filed." *See id.* at 1205. We disagree with the state's interpretation of *Peterson*.

_____

[1]Although Mr. Williams argues that the petition was actually filed three days earlier because of the "prison mailbox rule," *see Nichols v. Bowersox*, 172 F.3d at 1077, we need not determine whether there is sufficient evidence of when he placed his petition in the prison mail system to resolve the timeliness issue here.

*Peterson* did not say that the statute of limitations was tolled only if the petitioner filed a timely appeal; it said that it was tolled if he or she did so. Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is "pending" (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal. *See Gibson v. Klinger*, 232 F.3d 799, 803-04 & n.1 (10th Cir. 2000); *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir.2000); *see also Bennett v. Artuz*, 199 F.3d 116, 119-20 (2d Cir.1999), *aff'd. on other grounds*, 531 U.S. 4 (2000); *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir.1999), *cert. denied*, 528 U.S. 1197 (2000). We agree with this interpretation of AEDPA's tolling provision for more than one reason.

First of all, the Supreme Court recently held that an application for post-conviction review need not be "under court consideration" in order to be "pending" within the meaning of § 2244(d)(2). *See Carey v. Saffold,* 122 S. Ct. 2134, 2138 (2002). "[A]n application is pending as long as the ordinary state collateral review process is 'in continuance'–i.e., 'until the completion of' that process." *Id.* (quoting *Webster's Third New Int'l Dictionary* 1669 (1993)). The Court added that "until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.' " *Carey*, 122 S. Ct. at 2138. Here we do not believe that the "final resolution" of Mr. Williams's application for post-conviction relief occurred until it was too late for him to appeal. During the sixty-day appeal period the possibility remained that Mr. Williams would appeal and that the appellate court would order the lower court to grant the application.

We believe, too, whatever may be the significance of *Carey* in the present circumstances, that tolling the statute of limitations during the appeal period furthers AEDPA's goal of "promoting 'comity, finality, and federalism,' " *id.* (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)), by discouraging petitioners from seeking federal relief until the state courts have had a full opportunity to review a claim. *See Gibson*, 232 F.3d at 804. We have observed that AEDPA's tolling

-4-

provision complements the federal policy of requiring habeas petitioners to exhaust state remedies "by extending the time for filing federal petitions while [those] remedies are being exhausted." *Mills v. Norris*, 187 F.3d 881, 884 (8th Cir. 1999); *see also Carey*, 122 S. Ct. at 2138.

In *Mills*, a federal habeas petitioner had filed a timely appeal from the state court's denial of post-conviction relief but then failed to perfect his appeal under state law by filing the record. *See Mills*, 187 F.3d at 882. The state argued that AEDPA's statute of limitations was tolled only until the lower state court denied post-conviction relief because the appeal was not perfected. *See id.* at 883. We noted, however, that a habeas petitioner who still may raise the question presented "by any available procedure" has not exhausted his or her remedies, *see* 28 U.S.C. § 2254(c), and that if the petitioner had filed a § 2254 petition while he still had time to perfect his state appeal the petition "would surely have been dismissed for failure to exhaust state remedies." *Id.* at 884. "That being so," we concluded that the "state postconviction appeal was 'pending' for purposes of § 2244(d)(2) until at least ... the end of [the] period" for filing the record on appeal in state court. *Id.*

Based on the same rationale, the statute of limitations should be tolled here during the state appeal period because a federal court would be likely to dismiss a § 2254 petition filed then. In fact, in May, 1999, before the sixty-day appeal period had expired, Mr. Williams did file a § 2254 petition, and the district court dismissed it without prejudice to permit him to exhaust his state remedies.

### III.

We hold that Mr. Williams's application for post-conviction review was "pending" during the sixty-day appeal period and that his § 2254 petition therefore was filed within AEDPA's one-year statute of limitations. Accordingly, we reverse the judgment of the district court dismissing Mr. Williams's petition as untimely, and

we remand this case to the district court for further proceedings not inconsistent with this opinion.

Mr. Williams's motion for leave to supplement the record on appeal is granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.