# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1230

_____

| | |
|---|---|
| Stephen C. Curtiss, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Mount Pleasant Correctional Facility, | * |
| | * |
| Appellee. | * |

_____

Submitted: June 11, 2003

Filed: July 3, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and RILEY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Stephen C. Curtiss appeals the district court's[1] dismissal of his Petition for Habeas Corpus as untimely. He argues that the one year statute of limitations applicable to federal habeas petitions should be tolled for the period during which the petitioner could file a petition for post-conviction relief in state court. Recognizing that we have held to the contrary in Painter v. Iowa, 247 F.3d 1255 (8th Cir. 2001),

_____

[1]The Honorable Robert W. Pratt, United States District Court for the Southern District of Iowa.

he suggests <u>Painter</u> was implicitly overruled by the Supreme Court in <u>Carey v. Saffold</u>, 536 U.S. 214 (2002). In the alternative, he contends that his failure to timely file his federal petition should be excused because it was the result of Iowa not keeping him apprised of the status of his state court proceedings. We affirm.

## BACKGROUND

In 1997, Curtiss pled guilty and was convicted in Story County, Iowa, of one count of third degree sexual abuse and two counts of lascivious acts with a child. He was sentenced consecutively on each count, and is currently serving a total of twenty years in prison. He timely filed a direct appeal of his convictions. On January 13, 1999, the Iowa Supreme Court dismissed his appeal as frivolous.

Eight days later, Curtiss, acting pro se, filed a document in the Iowa Supreme Court entitled "Legal Malpractice Suit," naming himself as plaintiff and his former lawyer as defendant. He argued that because of how his attorney handled his case, he was denied his Sixth Amendment right to effective assistance of counsel. For relief, he requested that she be disbarred and that he receive twenty thousand dollars, plus costs and fees. The Iowa Supreme Court clerk received and docketed this document but took no action on it.

Several months passed with no action from either Curtiss or any Iowa court. Eventually, Curtiss sent a letter dated May 17, 1999, to Story County District Chief Judge Ronald H. Schechtman. In it, he complained again about his lawyer, and stated that he had filed a malpractice suit with the Iowa Supreme Court but had not heard of any action taken on it. Judge Schechtman promptly responded by letter stating that he interpreted Curtiss's letter as one addressing post-conviction issues and that he could not give legal advice.

Almost a year later, Curtiss sent a number of documents professing his innocence to the Story County Clerk of Court. These were filed on May 24, 2000. On May 31, 2000, Curtiss filed a document entitled "Motion to Vacate Sentence," which the Story County clerk treated as a motion for post-conviction relief. The motion was denied, and his appeal was dismissed by the Iowa Supreme Court as frivolous on January 24, 2002.

Curtiss promptly filed his federal petition for habeas corpus, which was received by the district court on February 28, 2002. The government moved to dismiss Curtiss's habeas petition, contending it was untimely and not excused from the one year statute of limitations by any equitable tolling principle. The district court granted the government's motion and dismissed the petition. This appeal followed.

## ANALYSIS

## I. TIMELINESS OF CURTISS'S FEDERAL HABEAS PETITION

The main issue in this case is simple: Was Curtiss's petition for habeas corpus filed before the statute of limitations expired? A petitioner has one year from the time a state court judgment becomes final to apply for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). A judgment is final, for these purposes, at "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition [for a writ of certiorari]." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). By Supreme Court rule, a petitioner has ninety days from the date of entry of judgment in a state court of last resort to petition for a writ of certiorari. Sup. Ct. R. 13.

Curtiss's direct appeal was dismissed by the Iowa Supreme Court on January 13, 1999. Taking into account the ninety days he had to petition for certiorari, Curtiss's statute of limitations for filing a federal habeas claim began to run on April 13, 1999.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, while Curtiss would typically have to file his federal petition by April 13, 2000, the statute of limitations period would be tolled if during that time he filed a petition for post-conviction relief in state court. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

Even construing Curtiss's pro se filings liberally, he did not initiate any action for post-conviction relief in state court until–at the earliest–May 24, 2000, the day he sent documents claiming he was innocent to the Story County Clerk of Court. Because the deadline for filing Curtiss's federal petition passed on April 13, 2000, his later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations. Painter, 247 F.3d at 1256.

Curtiss notes that his state court petition was timely under Iowa law. See Iowa Code § 822.3 (permitting petitions for post-conviction relief up to three years following final judgment on direct review). He suggests that the federal statute of limitations should be tolled during the period that he could have properly filed a state court petition for post-conviction relief. Under his theory, the federal filing deadline would not expire until a year after his time for filing in state court expired. If his view were accepted, Curtiss's federal petition would be timely.

The very same argument Curtiss advances now was considered and rejected in Painter. There, the petitioner's federal statute of limitations expired on April 24,

1997. He did not file a petition for post-conviction relief in Iowa state court until November of 1997. He argued that because his state court action was timely under Iowa state law, and exhaustion of state court remedies is a prerequisite for federal habeas relief, equity required that the federal filing deadline be tolled until his three years to file a state claim ran out. Our court disagreed:

> A review of our cases makes clear . . . that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year [federal statute of limitations] period. In this case, the one-year period ended on April 24, 1997. Therefore, as the district court held, by the time Painter filed his state-court application on November 11, 1997 there was no federal limitations period remaining to toll, and the petition was properly dismissed as time-barred.

Painter, 247 F.3d at 1256 (citations omitted).

Apparently cognizant of the burden Painter puts on his argument, Curtiss contends Carey v. Saffold, 536 U.S. 214 (2002), implicitly overruled Painter, and that our court has so recognized in Williams v. Bruton, 299 F.3d 981 (8th Cir. 2002), and Wright v. Norris, 299 F.3d 926 (8th Cir. 2002). A thorough review of those cases and others leads us to a contrary conclusion.

In Saffold, the petitioner was convicted in state court of murder and several other charges. His conviction became final on direct review, and, before his federal statute of limitations expired, he filed a petition in state court for post-conviction relief. His motion was denied. Due to California's post-conviction procedures, he was permitted to file a second "original" petition in the state's appellate courts, rather than appeal the lower court's judgment.[2] California had not specified a filing

---

[2]As the Court noted, while different in form from most state post-conviction procedures, California's system has the same substantive result, as it permits an

-5-

deadline for these appellate petitions, instead determining timeliness of each petition based on a "reasonableness" standard. Saffold, 536 U.S. at 222. The question presented by Saffold was whether the federal statute of limitations remained tolled during the period between a lower state court ruling and the time the petitioner filed the second "original" petition in the appellate court. The Court held that if California found the second petition to be filed in a timely fashion and thus meet the state's "reasonableness" standard, the federal statute would be tolled during the intervening period because the state court petition remained "pending." Id. at 222-23, 225. The Court concluded that to hold otherwise would contravene the policies of the Antiterrorism and Effective Death Penalty Act (AEDPA)'s changes in federal habeas procedures:

> The exhaustion requirement serves AEDPA's goal of promoting "comity, finality, and federalism," by giving state courts "the first opportunity to review [the] claim," and to "correct" any "constitutional violation in the first instance." And AEDPA's limitations period–with its accompanying tolling provision–ensures the achievement of this goal because it "promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." California's interpretation violates these principles by encouraging state prisoners to file federal habeas petitions *before* the State completes a full round of collateral review. This would lead to great uncertainty in the federal courts, requiring them to contend with habeas petitions that are in one sense unlawful (because the claims have not been exhausted) but in another sense *required* by law (because they would otherwise be barred by the 1-year statute of limitations).

Id. at 220 (alteration and emphasis in original) (citations omitted).

---

appellate court to consider the merits of a post-conviction petition that was denied by a lower court. Saffold, 536 U.S. at 224-25.

The rationale of Saffold, if applied to Curtiss's case, points in his favor. If it would respect AEDPA's favored principles of comity, finality, and federalism to toll the federal statute of limitations while a state post-conviction proceeding is "pending" (i.e., from time of filing through conclusion of state appellate procedures), those same goals are effectuated by tolling the federal deadline during the time a petitioner *could* file a timely application in state court. However, the petitioner's circumstance in Saffold differs from Curtiss in one important respect: Saffold filed his state court petition before the federal statute of limitations expired. Id. at 217. Thus, the Court was not presented with the issue before us, and did not have occasion to consider the merits of our decision in Painter. While Curtiss suggests that Williams v. Bruton, 299 F.3d 981 (8th Cir. 2002) and Wright v. Norris, 299 F.3d 926 (8th Cir. 2002) have recognized that Painter has been overruled, they simply cannot be read as such. Both petitioners in Williams and Wright had filed state court applications for post-conviction relief *within* the one year federal deadline, putting their cases on all fours with Saffold. Curtiss, like the petitioner in Painter, did not. Neither Williams nor Wright provides support for his contention that Painter has been abrogated.[3] See Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) (citing Painter as controlling circuit authority in post-Saffold case). While Saffold may call into question the integrity of Painter, we remain bound by our earlier panel decision.

---

[3]Since Saffold, at least one other circuit has adhered to Painter's rationale by refusing to toll the federal deadline during the time a petitioner could file a state court petition for post-conviction relief. See Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003) ("We recognize that, as a federal statute that interacts with state procedural rules, § 2244(d) will sometimes force a state prisoner to act expeditiously to preserve his federal claims despite the procedural lenience of state law, which may forgive substantial delay.")

## II.   EQUITABLE TOLLING

Curtiss contends that even if <u>Painter</u> remains good law, his failure to observe the federal filing deadline should be excused.  A court may equitably toll AEDPA's statute of limitations in "extraordinary circumstances."  <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000).  These circumstances include where the state's conduct has somehow lulled the petitioner into inaction.  <u>Id.</u>

Curtiss suggests that the Iowa Supreme Court's refusal to act on his "Legal Malpractice" lawsuit and failure to contact him regarding the suit lulled him into inaction.  The facts do not support Curtiss's claim.  He filed his lawsuit in January of 1999.  He requested no response from the court, and he did not timely check the status of this claim.  Rather, four months later, he wrote to a district court judge and mentioned the pending suit.  After receiving the judge's response, he still did not check the status of his suit.  There is nothing in the record to indicate that the state made it difficult or impossible for Curtiss to either check the status of his state suit or simply file a concurrent federal petition in a timely manner.  <u>Accord</u> <u>Jihad v. Hvass</u>, 267 F.3d 803, 806-07 (8th Cir. 2001) (holding no justification for equitable tolling where no "extraordinary circumstances beyond Jihad's control, and the State did nothing to prevent him from taking more timely action").  While we are troubled by the Iowa Supreme Court's failure to take any action whatsoever on Curtiss's pro se filings, the circumstances here are not so remarkable as to excuse his untimely filing based on principles of equitable tolling.

## CONCLUSION

Curtiss contends that the time limitation on filing his federal habeas claim should be tolled during the time he could have filed a state court petition for post-conviction relief.  <u>Painter v. Iowa</u>, 247 F.3d 1255 (8th Cir. 2001), addressed the same issue and decided it adverse to Curtiss.  We are bound by that determination.  Because

Curtiss's circumstances are not so extraordinary as to warrant equitable tolling, we affirm the district court's dismissal of his habeas petition as untimely.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.