**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-6518**

_____

LEONARD REEVES,

                                    Petitioner - Appellant,

        versus

J. J. CLARK, Administrator, Southern
Correctional Institution, Troy, North
Carolina,

                                    Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle, Chief
District Judge. (CA-03-437-5-BO)

_____

Submitted: August 25, 2004        Decided: September 14, 2004

_____

Before WIDENER, MICHAEL, and SHEDD, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

H. Gerald Beaver, BEAVER, HOLT, STERNLIGHT & COURIE, P.A.,
Fayetteville, North Carolina, for Appellant. Roy Cooper, Attorney
General, Clarence Joe DelForge, III, Assistant Attorney General,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Leonard Reeves appeals a district court order and judgment dismissing as untimely his 28 U.S.C. § 2254 (2000) petition. The district court granted Reeves' request for a certificate of appealability ("COA") as to when the denial by the North Carolina Supreme Court of a petition for writ of certiorari in a direct criminal appeal ceased to be pending for purposes of filing a petition for writ of certiorari to the United States Supreme Court. We affirm the district court's conclusion that the North Carolina Supreme Court's denial of a petition for writ of certiorari in a direct criminal appeal ceased to be pending on the date it was denied. In this case, the petition ceased to be pending on December 18, 2001. Thus, Reeves' § 2254 petition, filed on June 3, 2003, was untimely.

In his brief, Reeves raises issues which were not granted a COA. Nor did Reeves follow the procedures outlined in Reid v. True, 349 F.3d 788, 796 (4th Cir.), cert. denied, 124 S. Ct. 979 (2003), with respect to filing a brief containing issues which were not granted a COA. Prior to Reeves filing his brief, this Court denied Reeves' motion to expand the COA to include an issue regarding equitable tolling of the one-year limitations period in which to file a § 2254 (2000) petition. In addition, the district court denied a COA as to a similar issue and also denied Reeves' request for a COA as to whether the period in which to file a

petition for writ of certiorari with the United States Supreme Court commenced when he received notice that the North Carolina Supreme Court denied his petition for writ of certiorari. This Court will not consider issues not specified in a COA. <u>See</u> <u>Phelps v. Alameda</u>, 366 F.3d 722, 729 (9th Cir. 2004); <u>Wright v. Norris</u>, 299 F.3d 926, 928 (8th Cir. 2002).

Accordingly, we affirm that part of the district court's order finding Reeves' § 2254 petition untimely because the state order denying a petition for writ of certiorari became final the date it was entered. With respect to all other issues, the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; DISMISSED IN PART</u>