# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3069

———————

Valentino Maghee,                   *
                                            *

            Appellant,            *     Appeal from the United States
                                            *     District Court for the Southern
    v.                             *     District of Iowa.
                                            *

John Ault, Warden,          *

                                            *
           Appellee.             *

———————

Submitted: May 10, 2005
Filed: June 8, 2005

———————

Before MURPHY, FAGG, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

In 1994, Valentino Maghee pleaded guilty to credit-card fraud in state court. He later applied for post-conviction relief (PCR) there. On May 9, 2003, he filed a habeas corpus petition, which the district court[1] dismissed as time-barred. Maghee appeals, arguing that the state PCR case is still pending, or alternatively, that the one-year statute of limitations has been tolled. *See* 28 U.S.C. § 2244(d)(1). Jurisdiction being proper under 28 U.S.C. § 2253(c), this court reviews de novo the district court's

———————

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

interpretation of the law. *See Snow v. Ault*, 238 F.3d 1033, 1034 (8th Cir.), *cert. denied*, 532 U.S. 998 (2001). Affirmed.

After the 1994 conviction for credit-card fraud, a jury convicted Maghee on cocaine charges four months later. In March 1995, Maghee's direct appeal of the credit-card-fraud conviction was dismissed as frivolous. In June 1995, Maghee applied for PCR in the fraud case, number 31629. In September 1995, Maghee applied for PCR in the cocaine case, number 32130. In June 1996, the trial court granted Maghee a delayed direct appeal of his cocaine conviction, which was affirmed. *State v. Maghee*, 573 N.W.2d 1 (Iowa 1997).

In August 1996, the Polk County Clerk of Court sent Maghee a notice stating that his "31629" PCR would be dismissed for lack of prosecution under Iowa Civil Procedure Rule 215.1. Apparently, in correspondence and pleadings, Maghee and the prosecuting attorney used the cocaine PCR number (32130) when referring to the fraud PCR case (31629). At any rate, Maghee never responded to the dismissal notice. The state court dismissed the fraud PCR in January 1997.

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003). The statute tolls, however, while state PCR proceedings are pending. 28 U.S.C. § 2244(d)(2). State PCR proceedings are "pending" for the period between the trial court's denial of the PCR and the timely filing of an appeal from it. *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000). State proceedings are not pending during the time between the end of direct review and the date an application for state PCR is filed. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

In this case, the statute of limitations began running on January 2, 1997, the day after the PCR was dismissed. Although Maghee clearly filed for habeas relief

long after the one-year statute expired, he argues that his PCR is "pending" because he did not receive the dismissal notice and because he continued – albeit under the wrong number – to file pleadings and motions.

The district court found that Maghee received the dismissal notice. This finding of fact is not clearly erroneous. *See Jihad v. Hvass*, 267 F.3d 803, 805 n.3 (8th Cir. 2001). The defendant-warden submitted a copy of the 215.1 dismissal notice addressed to Maghee at the Anamosa Reformatory. Two Reformatory employees averred that the Reformatory was Maghee's residence at all relevant times, and all mail would have been delivered to him. A letter properly addressed and mailed is presumed to be delivered to the addressee. *Kennell v. Gates*, 215 F.3d 825, 829 (8th Cir. 2000). The dismissal notice stated that Maghee's PCR would be dismissed in January 1997 if he took no further action in the case. The PCR was dismissed on January 1, 1997. Because the notice correctly stated the PCR number, expected action, and deadline, there is no basis for a finding that the PCR is pending.

Maghee argues at length that his state PCR is still pending, as evidenced by his continuing to file pleadings with the wrong number, the clerk's acceptance of them (and filing them in the "wrong" file), and the prosecutor's use of the wrong PCR number. To the contrary, the statute of limitations is not tolled merely because the petitioner continues to file motions after the end of the direct review. *See Curtiss*, 338 F.3d at 853.

Next, Maghee attempts to invoke the doctrine of equitable tolling. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001). Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his

actions, are responsible for the delay." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). Equitable tolling is an "exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805.

Maghee asserts that the Polk County Clerk committed mistakes making it impossible for him to file on time, and that the prosecutor lulled him by using the wrong number. As a result, Maghee claims he did not know that the dismissal notice related to his fraud conviction.

The errors are not external to Maghee. The notice accurately stated the fraud PCR number. It stated the commencement date as "June 16, 1995," the day he filed the fraud PCR. (Maghee submitted his cocaine PCR in September 1995.) Two months before receiving the notice, Maghee received a delayed review of his cocaine PCR. Thus, the notice clearly referred only to the fraud PCR. Maghee was at fault because he did not (at least) make further inquiries to clear up any confusion.

Petitioners are expected to diligently pursue their own post-conviction cases. *See United States v. Kenneth Ray Martin*, No. 04-2734, slip op. at 11 (8th Cir. May 27, 2005). Maghee's failure to understand the plain language of the dismissal notice, or undertake any investigation, is not external to him. Even if the clerk and prosecutor used the wrong PCR number, Maghee was in the best position to monitor his two PCR proceedings. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (lack of understanding the law does not justify equitable tolling).

The judgment of the district court is affirmed.

_____