# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2751

_____

Daniel B. Johnson,                           *
                                             *
    Petitioner - Appellant,                  *
                                             *    Appeal from the United States
v.                                           *    District Court for the
                                             *    District of Minnesota.
Dean Mooney,                                 *
                                             *        [UNPUBLISHED]
    Respondent - Appellee.                   *

_____

Submitted: January 10, 2007
Filed: January 23, 2007

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

The district court[1] dismissed Daniel B. Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244 as untimely. We affirm.

In a bench trial spanning February and March 1998, Johnson was convicted of four criminal sexual-conduct offenses between 1985 and 1988. In 1997, the state of Minnesota moved to have him civilly committed as a sexually dangerous person (SDP) and a sexual psychopathic personality (SPP). The laws under which Johnson

_____

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

was committed did not provide for a jury trial. Johnson demanded one under the Minnesota Constitution, but the trial court denied the motion. After his conviction, the state court ordered Johnson to be indeterminately committed as both an SDP and an SPP. Johnson appealed the commitment to the Minnesota Court of Appeals, which affirmed. The Minnesota Supreme Court denied review on May 18, 1999. Johnson did not petition the United States Supreme Court on this direct appeal.

In August 2003, Johnson filed a petition for a writ of habeas corpus in state court. Johnson's state habeas petitions failed, as did his petition for a writ of certiorari from the United States Supreme Court.

On May 27, 2005, Johnson filed the current habeas petition in federal district court. In dismissing his habeas petition as untimely, the district court held the time between the conclusion of Johnson's direct appeals and his application for post-conviction relief in state court counted against the § 2244 one-year statute of limitations.

Under § 2244, a petitioner has one year after his direct appeals are concluded to file his federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d). On appeal, Johnson argues his filing of a state habeas petition should have reset the limitations clock.

We rejected this argument in Painter v. Iowa, 247 F.3d 1255 (8th Cir. 2001), holding that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." Id. at 1256. The statute of limitations is tolled by the proper filing of an application for post-conviction relief, but the district court correctly included the period after the conclusion of direct review and before Johnson's state

habeas application was filed in its calculation of the § 2244 time bar, <u>see</u> <u>id.</u>  Thus, Johnson's habeas petition was properly dismissed as untimely.

The judgment is affirmed.

_____