# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-2222

_____

| | | |
|---|---|---|
| Samuel W. Boston, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Douglas Weber, Warden, South | * | |
| Dakota State Penitentiary; Larry | * | |
| Long, Attorney General, State of | * | |
| South Dakota, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 16, 2008
Filed: May 8, 2008

_____

Before BYE, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Samuel W. Boston appeals the district court's[1] order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely. We affirm.

---

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

## I.    BACKGROUND

A jury convicted Boston of second-degree murder, and he was sentenced to life in prison without the possibility of parole. The South Dakota Supreme Court affirmed the conviction on June 11, 2003. Boston did not seek a writ of certiorari to the United States Supreme Court before the ninety days allowed for filing such a writ expired on September 9, 2003. *See* Sup. Ct. R. 13. He filed an application for state habeas relief on January 15, 2004. The state circuit court dismissed Boston's habeas application. On January 7, 2005, the South Dakota Supreme Court denied Boston's motion for a certificate of probable cause to appeal the circuit court's denial of his habeas application.

Boston filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court on December 20, 2005. The State did not argue that Boston's petition was untimely, and the magistrate judge's Findings and Recommendations contended that "[t]he petitioner's federal writ of habeas corpus was filed within one year of the state Supreme Court order denying his motion for an appeal. Therefore, the one year statute of limitations has been met." The magistrate judge recommended that Boston's habeas petition be denied on the merits. Boston filed objections in the district court.

The district court sua sponte ordered the parties to address whether Boston's petition was time barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The State then filed a motion to dismiss the petition as untimely, and Boston filed a response in opposition to the motion. The district court dismissed Boston's petition finding that it was time barred under AEDPA. Alternatively, the district court concluded that, even if timely, the petition should be dismissed because it was a mixed petition, one that included both exhausted and unexhausted claims. The district court granted a certificate of appealability on the following three issues: (1) whether the petition was timely filed

under AEDPA; (2) whether the State intelligently waived the AEDPA statute of limitations defense; and (3) whether the petition raised issues that were not exhausted at the state level. Boston now appeals on all three grounds.

## II. DISCUSSION

### A. Timeliness under AEDPA

We review the district court's decision to dismiss a § 2254 habeas petition based on the AEDPA statute of limitations de novo. *O'Neal v. Kenny*, 501 F.3d 969, 970 (8th Cir. 2007), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Feb. 15, 2008). AEDPA requires a state prisoner seeking a writ of habeas corpus to file his federal petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003). In this case, the judgment was final on September 9, 2003.

The AEDPA statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In *Painter v. Iowa*, we held "that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." 247 F.3d 1255, 1256 (8th Cir. 2001). Boston filed his state habeas application on January 15, 2004, 127 days after the state judgment became final on September 9, 2003. Applying the rule in *Painter*, these 127 days count against the one-year AEDPA limitation period. When the South Dakota Supreme Court denied his motion for certificate of probable cause on January 7, 2005,

Boston had 238 days or until September 2, 2005, to file his federal habeas petition. However, Boston filed his federal habeas petition on December 20, 2005, more than three months after the AEDPA statute of limitations had expired.

Nonetheless, Boston argues that his federal habeas petition is timely because the Supreme Court's decision in *Carey v. Saffold*, 536 U.S. 214 (2002), and our circuit's post-*Saffold* decisions in *Curtiss*, *Williams v. Bruton*, 299 F.3d 981 (8th Cir. 2002), and *Wright v. Norris*, 299 F.3d 926 (8th Cir. 2002), have implicitly overruled *Painter*. Boston asserts that

> as long as the right to file a state habeas petition exists the petition is 'pending' if the one year statute of limitations (the AEDPA rule) has not expired. When the state petition is then actually filed in the state habeas proceeding the entire block of time - from the date of the conclusion of the direct appeal and the date of the filing of the South Dakota Supreme Court denial of a certificate of an appealable issue - is included as 'pending' as long as one calender year has not then elapsed, therefore the AEDPA is tolled during that time.

Reply Br. for Appellant at 4. Essentially, Boston argues for retroactive tolling, which effectively means the AEDPA statute of limitations would not begin to run until after the conclusion of the state habeas proceedings so long as the state habeas application is filed within one year of the judgment becoming final. Because Boston's state habeas application was filed within one year of the judgment becoming final, Boston contends that the AEDPA statute of limitations for his federal habeas petition expired on January 7, 2006, a year after the South Dakota Supreme Court denied his motion for certificate of probable cause. As a result, he claims his federal habeas petition filed on December 20, 2005, is timely. We disagree.

First, Boston's reliance on *Saffold* is misplaced. In *Saffold*, the Supreme Court held that, upon filing a state habeas application, the application is "pending" until the

-4-

completion of the state collateral review process. 536 U.S. at 219-21. *Saffold* does not support Boston's argument because it did not address the time period between the date the judgment became final and the date of filing an application for state collateral review. To extend *Saffold* to exclude this time period as Boston seeks would thwart AEDPA's purpose to "reduce delays in the execution of state and federal criminal sentences," *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (quotation omitted), without furthering the goals of "comity, finality, and federalism," *Saffold*, 536 U.S. at 220 (quotation omitted).

The Supreme Court also did not apply such retroactive tolling in its subsequent decision in *Day v. McDonough*, 547 U.S. 198 (2006). Day filed his application for state post-conviction relief 353 days after the state judgment became final, and he filed his federal habeas petition thirty-six days after the state appellate court denied state post-conviction relief. *Id.* at 203. Although the issue before the Court was whether the district court could raise the timeliness issue sua sponte, Day's petition clearly would have been timely if the 353 days were excluded from the AEDPA one-year limitation period. Nonetheless, the Court affirmed the dismissal of Day's habeas petition as untimely, thereby implicitly adopting our rule in *Painter*. *Id.* at 211.

Second, Boston's reliance on *Wright*, *Williams* and *Curtiss* is equally misplaced. In *Wright*, we held that the federal habeas petition was untimely after "assum[ing] without deciding that state post-conviction proceedings in Arkansas remain pending, . . . for the eighteen month period when the Supreme Court of Arkansas will entertain a motion for a belated appeal of the denial of state post-conviction relief." 299 F.3d at 928. In *Williams*, we determined that an application for state post-conviction relief "is 'pending' (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal [the denial of his application to a higher state court]." 299 F.3d at 983. In *Curtiss*, we held that Curtiss's federal habeas petition was untimely when he filed his state habeas application more than one year after the judgment became final. 338 F.3d at 855. As

-5-

we stated in *Curtiss*, "[n]either *Williams* nor *Wright* provides support for [the petitioner's] contention that *Painter* has been abrogated." *Id.* These cases simply do not support the retroactive tolling rule that Boston asserts. Rather, our circuit has continued to recognize the validity of the *Painter* rule. *See Runyan v. Burt*, --- F.3d ---, 2008 WL 927601, at *1 (8th Cir. Apr. 8, 2008) (finding a federal habeas petition untimely by including in the AEDPA one-year limitation period the time between the judgment becoming final and the filing of the state habeas application even though the state habeas application was filed within one-year of the judgment becoming final).

Indeed, our rule in *Painter* is consistent with the plain language of 28 U.S.C. § 2244, which states that the "limitation period shall run from . . . the date on which the judgment became final[,]" 28 U.S.C. § 2244(d)(1)(A), and the limitation period tolls only when "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending*[,]" 28 U.S.C. § 2244(d)(2) (emphasis added). The tolling provision does not apply to the period before the application was properly filed. Therefore, because the period between the date the judgment became final and the date of filing the state habeas application is included in the AEDPA one-year limitation period, Boston's petition is untimely.[2]

---

[2]Boston argued to the district court that he filed his application for state habeas relief on November 12, 2003, the date he signed the application and over two months before the district court received the application. This argument was not raised on appeal and is therefore waived. *See Cormack v. Settle-Beshears*, 474 F.3d 528, 531 (8th Cir. 2007). Even if Boston had filed his state habeas application on the day he signed it, the AEDPA statute of limitations would have expired on November 5, 2005. Because he did not file the federal habeas petition until December 20, 2005, his petition would still be untimely. Boston also argued unsuccessfully to the district court that he was entitled to equitable tolling. Because he also failed to raise this argument on appeal, it also is waived. *See id.*

**B. Waiver**

Boston next argues that the State waived its AEDPA statute of limitations defense because the State neither asserted that Boston's habeas petition was untimely in its responsive pleadings nor objected to the magistrate judge's conclusion that the petition was timely. The district court determined that the State did not waive its statute of limitations defense. We review the district court's decision for an abuse of discretion. *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1320 (11th Cir. 2006), *cert. denied*, 550 U.S. ---, 127 S. Ct. 2139 (2007).

The Supreme Court has stated that "should a State intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice." *Day*, 547 U.S. at 211 n.11. In *Day*, Florida failed to raise the one-year bar in its responsive pleadings and, through a miscalculation, explicitly conceded that the habeas petition was timely. *Id.* at 205. The Supreme Court did not find this to constitute an intelligent waiver because "there was merely an inadvertent error, a miscalculation that was plain under Circuit precedent . . . ." *Id.* at 211. Here, South Dakota never explicitly conceded that the petition was timely, as Florida did in *Day*. When the district court raised the issue sua sponte, South Dakota immediately filed a motion to dismiss and a motion to amend its answer. Based on this evidence, we cannot conclude the district court abused its discretion when it determined that the State did not intelligently choose to waive the AEDPA statute of limitations defense.

Boston further argues that before determining whether the State waived this defense, the district court was required to "assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* at 210 (internal quotation omitted). The district court gave Boston due notice and a fair opportunity to show why his petition should not be dismissed as untimely. *See id.* Other than claiming that the petition was

meritorious, Boston did not present any argument, to the district court or to this court, that the delayed focus on the timeliness issue actually prejudiced him or that the interest of justice would be better served by addressing the merits of his petition.[3] We also find no such argument for him sua sponte. Therefore, we conclude that the district court did not abuse its discretion in determining that the State did not waive the AEDPA statute of limitations defense.

## III.  CONCLUSION

Accordingly, we affirm the district court's dismissal of Boston's petition for writ of habeas corpus.[4]

_____

[3]Because all petitioners claim that their petition is meritorious, we do not think that such an argument by itself establishes prejudice or that the interest of justice would be better served by addressing the merits of the petition.

[4]Because Boston's habeas petition is untimely, we need not address whether the district court erred in alternatively dismissing the petition as a mixed petition.