Larry STREU, Appellant

v.

STATE of Missouri, Respondent.

No. WD 66656.

Missouri Court of Appeals,
Western District.

Jan. 2, 2007.

Larry Streu, Jefferson City, MO, Appellant pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before SMART, P.J., and EDWIN H. SMITH and HARDWICK, JJ.

### Order

PER CURIAM.

Larry Streu appeals from the order of the Circuit Court of Henry County denying, without an evidentiary hearing, his motion to reopen his Rule 29.15 post-conviction proceeding. The appellant was convicted, after a jury trial, in the Circuit Court of Henry County, of first-degree murder, in violation of Section 565.020.1 and was sentenced to life in prison without parole in the Missouri Department of Corrections. He appealed his conviction to this court, which was affirmed in *State v. Streu*, 59 S.W.3d 39 (Mo.App.2001). On his direct appeal, the appellant was represented by appointed counsel from the Public Defender Office in Columbia, Missouri.

After his conviction was affirmed by this court, on February 4, 2002, the appellant

filed a timely *pro se* Rule 29.15 motion for post-conviction relief, alleging ineffective assistance of trial counsel. On January 2, 2003, appointed counsel, a public defender from Kansas City, Missouri, timely filed an amended motion. In the appellant's amended motion, his post-conviction counsel alleged ineffective assistance of trial counsel, alleging that his trial counsel was deficient for failing to object to portions of the State's closing argument, which he contended bolstered the veracity of the State's key witness. On October 8, 2003, the motion court, without an evidentiary hearing, denied the appellant's amended motion, and he appealed to this court. On appeal, appellate counsel did not raise a claim of abandonment by post-conviction counsel. In *Streu v. State*, 161 S.W.3d 382 (Mo.App.2005), this court affirmed the motion court's order, denying the appellant's Rule 29.15 motion.

On September 12, 2005, the appellant filed a motion to reopen his Rule 29.15 post-conviction proceeding, alleging that: (1) a conflict of interest existed between his appellate counsel and his post-conviction counsel because they were both public defenders; and (2) he was "abandoned" by his post-conviction counsel because she did not raise two additional claims of ineffective assistance of trial counsel: (a) that the appellant's trial counsel was ineffective for advising him not to testify at trial; and (b) that she was ineffective for failing to adequately investigate and prepare a defense at trial. The motion court, without an evidentiary hearing, overruled the appellant's motion, which he appeals.

The appellant raises two points on appeal. In Point I, he claims that the motion court clearly erred in denying, without an evidentiary hearing, his motion to reopen, under Rule 75.01, his Rule 29.15 post-conviction proceeding because it alleged facts, not conclusions, which were not re-futed by the record and files in the case, and if true, established that he was, in effect, abandoned by post-conviction counsel due to a conflict of interest that existed between his counsel on direct appeal and his post-conviction counsel. In Point II, he claims that:

> The trial court abused its discretion by denying appellant's motion to reopen postconviction proceedings due to abandonment and conflict of interest of postconviction counsel, without allowing appellant a fair opportunity to prove his claims of abandonment: whereby Missouri Supreme Court Rules governing duties of postconviction counsel contain *mandatory* language that create a protected liberty interest encompassed by Article I Section 10 of the Missouri Constitution and the 14th Amendment to the United States Constitution, wherein postconviction counsel must adhere to said rules and perform certain mandatory duties for the postconviction litigant, that when such duties are breached and the postconviction litigant substantially prejudiced new postconviction proceedings are required and that such was the circumstances in appellant's case, which resulted in appellant's postconviction relief being denied.

We affirm, pursuant to Rule 84.16(b).