# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2341

_____

| | |
|---|---|
| Terry Wayne Bishop, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| David Dormire, | * |
| | * |
| Appellee. | * |

_____

Submitted: March 13, 2008
Filed: May 19, 2008

_____

Before RILEY, GRUENDER and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Terry Wayne Bishop appeals the district court's dismissal of his petition for writ of habeas corpus as untimely. He claims that the district court erred because it did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2) while his motion to recall the mandate was pending in the Missouri Court of Appeals. The State argues that the district court did not err; however, even if it did err, the State claims that the district court incorrectly determined the date when Bishop's conviction became final and that a correct determination would provide an independent reason to find Bishop's

petition untimely. We vacate the judgment of the district court and remand for further proceedings.

On January 30, 2002, Bishop was convicted in a Missouri court of rape, sodomy and child molestation and sentenced to fifty-three years in prison. He appealed his conviction to the Missouri Court of Appeals, which affirmed his conviction on July 8, 2003. Bishop did not seek transfer to the Missouri Supreme Court, and the mandate issued on July 30, 2003.

On October 6, 2003, Bishop filed a petition for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. The petition was denied on July 9, 2004. Bishop appealed, and the decision was affirmed. The mandate of the Missouri Court of Appeals issued on November 23, 2005. On August 8, 2006, Bishop filed a motion to recall the mandate, alleging that his post-conviction appellate counsel was ineffective. The motion was denied on October 31, 2006. On December 18, 2006, Bishop filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court. The district court dismissed the petition as untimely, and Bishop appeals.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, an inmate must file for federal habeas relief within one year of the date when a judgment becomes final by the "conclusion of direct review or the expiration of the time for seeking such review," whichever is later. 28 U.S.C. § 2244(d)(1)(A); *see Riddle v. Kemna*, --- F.3d ---, 2008 WL 927618, at *2 (8th Cir. Apr. 8, 2008) (en banc). The one-year limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The State and Bishop agree that Bishop's petition is timely if (1) the statute of limitations period was tolled during the period his motion to recall the mandate was pending, and (2) Bishop's conviction became final ninety days after

the Missouri Court of Appeals affirmed his conviction rather than on the date its mandate issued. They also agree that if either one of these two conditions is not met, Bishop's petition is untimely.

First, the district court did not toll the statute of limitations for the period during which Bishop's motion to recall the mandate was pending. We concluded in *Marx v. Gammon* that Marx's motion to recall the mandate filed in the Missouri Court of Appeals was "properly filed" in the context of AEDPA's tolling provision. 234 F.3d 356, 357 (8th Cir. 2000). Although *Marx* only explicitly addressed whether the motion was "properly filed," its holding that Marx's habeas petition was timely necessarily included the holding that a properly filed motion to recall the mandate tolls the AEDPA statute of limitations. Therefore, *Marx* also stands for the proposition that a properly filed motion to recall the mandate tolls the AEDPA statute of limitations.

Because Bishop's motion to recall the mandate was not necessary to exhaust any federally cognizable claims, the State contends that *Marx* is distinguishable and that the period when the motion was pending should not be tolled. Bishop's motion to recall the mandate presented claims solely concerning the effectiveness of his post-conviction appellate counsel, which are not cognizable claims in federal habeas proceedings. *See Clay v. Bowersox*, 367 F.3d 993, 1005 (8th Cir. 2004) ("There is no federal constitutional right to the effective assistance of post-conviction counsel."). The plain language of § 2244(d)(2), however, only requires that an application for state post-conviction or other collateral review be "properly filed" and be "with respect to the pertinent judgment or claim" in order for the time during which it is pending to be tolled. The State concedes that Bishop's motion to recall the mandate was "properly filed," as in *Marx*.

Despite the fact that his motion to recall the mandate raised an issue that is not cognizable in a federal habeas petition, Bishop's motion was filed "with respect to" his state habeas petition inasmuch as he sought to have the appeal reopened based on

his post-conviction appellate counsel's failure to raise certain issues on appeal, all of which attacked the validity of his state conviction. To toll the statute of limitations, the pending state post-conviction or other collateral review need not raise a federally cognizable claim. *See Cowherd v. Million*, 380 F.3d 909, 912–13 (6th Cir. 2004) (en banc) (concluding that a state post-conviction petition need not raise a federal constitutional issue in order to toll the statute of limitations); *Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002) (per curiam) ("[T]he federal habeas statutory limitations period is tolled regardless of whether a properly filed state post-conviction petition or other collateral review raises a federally cognizable claim."); *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002) ("Whether the federal habeas petition contains one or more of the claims raised in the state proceeding does not matter as long as the state proceeding and the federal habeas petition attack the same judgment."); *Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir. 2001) (holding that issues presented to state court may differ from those presented to federal court but still toll the statute of limitations). Because the state post-conviction or other collateral review need not even include a federally cognizable claim to toll the statute of limitations, it certainly need not be necessary to exhaust a federal claim. Therefore, *Marx* is not distinguishable, and the statute of limitations period should have been tolled during the pendency of Bishop's motion to recall the mandate. Thus, Bishop has met the first condition necessary for him to obtain relief.

Turning to the second condition, the district court concluded that Bishop's conviction became final on October 6, 2003, ninety days after the Missouri Court of Appeals affirmed his conviction. The district court determined that Bishop's judgment did not become final until the expiration of the period for seeking a writ of certiorari from the United States Supreme Court, relying on *Pierson v. Dormire*, 484 F.3d 486, 495 (8th Cir. 2007), which had relied on *Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). We have since abrogated that aspect of *Pierson* and *Nichols*. *Riddle*, 2008 WL 927618, at *4. According to *Riddle*, Bishop's sentence became final the day the Missouri Court of Appeals issued its mandate, July 30, 2003.

-4-

*See id.* at *5 (finding that the statute of limitations period begins to run "the day after the direct-appeal mandate issued"). Therefore, Bishop fails to meet the second condition necessary for us to conclude that his petition was timely.

In *Riddle*, however, we concluded that the "abrogation of an en banc precedent is an extraordinary circumstance, external to" the petitioner, which justified the possibility of equitable tolling. *Id.* at *6. We remanded to allow the district court to determine whether the petitioner should receive the benefit of equitable tolling if he could establish that a court's conduct lulled him into inaction through reliance on that conduct. *Id.* at *7. As in *Riddle*, we will remand to the district court to determine whether Bishop can establish that he pursued his rights diligently but nonetheless was lulled into inaction, which might justify equitable tolling of the AEDPA statute of limitations. *Id.*

Although Bishop has only met the first of the two conditions necessary for his habeas petition to be considered timely, he may be eligible for equitable tolling as described in *Riddle*, which might allow him to meet the second condition. Therefore, we vacate the judgment of the district court and remand for further proceedings consistent with *Riddle* and this opinion.

_____