# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1704

———————

Marsha Sue Burns,

              Appellant,

v.

Cindy Prudden;
Jeremiah (Jay) W. Nixon,

              Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*
\*
\*

———————

Submitted: November 19, 2009
Filed: December 16, 2009

———————

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

———————

GRUENDER, Circuit Judge.

Marsha Burns appeals the dismissal of her petition for a writ of habeas corpus as untimely. The district court held that her petition was filed beyond the one-year statute of limitations, 28 U.S.C. § 2244(d), and that Burns was not entitled to equitable tolling of the limitations period because she could not show an "extraordinary circumstance" that prohibited her from timely filing. We find that our intervening decision in *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (en banc), overruling a previous en banc decision regarding the calculation of the statute of limitations for

habeas petitions from Missouri, satisfies the "extraordinary circumstance" requirement for equitable tolling. We therefore reverse and remand.

## I.    BACKGROUND

Burns is currently serving a 110-year sentence after her state court conviction for statutory sodomy, statutory rape, sexual misconduct and child molestation. She appealed to the Missouri Court of Appeals, which denied her appeal on June 18, 2002. She then filed a petition for rehearing in that court, which was denied on July 25, 2002. She did not file a petition for transfer to the Missouri Supreme Court.[1] On November 18, 2002, Burns initiated post-conviction proceedings in Missouri state court. These proceedings concluded on May 3, 2007.

Under 28 U.S.C. § 2244(d)(1), a federal petition for habeas corpus must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, this one-year statute of limitations is tolled during the time "State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). At the conclusion of Burns's state post-conviction proceedings, her attorney notified her by letter that he could not continue representing her and that her federal petition for habeas corpus had to be filed by April 12, 2008. Burns filed her federal habeas petition by placing it in the prison mail system on April 8, 2008. *See Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (noting that the filing date for a prisoner's habeas position is the date the petition is given to prison officials for mailing).

---

[1]Missouri does not permit direct appeals from the Missouri Court of Appeals to the Missouri Supreme Court. Instead, a litigant seeking review in the Missouri Supreme Court must file a petition to transfer the case from the Court of Appeals to the Supreme Court. If that petition is granted, the Missouri Supreme Court then hears the case. *See* Mo. Sup. Ct. R. 83.04.

Also on April 8, 2008, this Court issued its decision in *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (en banc). *Riddle* overruled this court's previous en banc decision in *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999) (en banc). *Nichols* had held that the statute of limitations for habeas petitions did not begin to run until 90 days after the Missouri Court of Appeals denied an appeal. This 90-day period was permitted because *Nichols* held that in that time period, a petitioner could file a petition for a writ of certiorari in the United States Supreme Court, regardless of whether the petitioner had filed a petition for transfer to the Missouri Supreme Court. 172 F.3d at 1072. Thus, under *Nichols*, the statute of limitations for Burn's federal habeas petition did not begin to run until 90 days after the denial of her appeal, despite her failure to file a petition to transfer. *Riddle*, however, held that the Missouri Court of Appeals was not the "highest court . . . in which a decision could be had," 28 U.S.C. § 1257(a), and that the 90-day period to file a petition for a writ of certiorari therefore was not available where a defendant had not filed a petition for transfer, 523 F.3d at 855. Because Burns did not file a petition for transfer to the Missouri Supreme Court, under *Riddle*, the statute of limitations began running immediately upon the conclusion of her direct appeals process, rather than at the end of the 90-day period for seeking certiorari, as *Nichols* had held.

Based on *Riddle*, the State filed a motion to dismiss Burns's habeas petition as untimely, which the district court granted. The district court applied *Riddle* and held that Burns's petition was untimely. But, the district court noted that under *Nichols*, her petition would have been timely. The district court also held that Burns was not entitled to equitable tolling of the statute of limitations because she could not establish that an "extraordinary circumstance" prevented her from timely filing her petition. The district court granted Burns a certificate of appealability on the question of whether she was entitled to equitable tolling. Burns then filed this appeal.

## II.    DISCUSSION

We review de novo a district court's denial of equitable tolling of the statute of limitations for a petition for a writ of habeas corpus. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Riddle*, 523 F.3d at 857 (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)).  We begin with the "extraordinary circumstance" requirement, since the district court denied Burns equitable tolling on that ground.  The State offers two arguments for why the *Riddle* decision was not an extraordinary circumstance for Burns.  First, the State argues that Burns should have foreseen that *Nichols* was incorrectly decided and, therefore, should have filed her petition within the shorter time frame that *Riddle* eventually announced.  Second, the State argues that Burns's petition was untimely even under *Nichols*, because the conclusion of direct review occurred when the Missouri Court of Appeals denied her direct appeal, not thirty-seven days later when it denied her petition for rehearing.  If the period for seeking certiorari began at this earlier date, Burns's petition would be untimely even under *Nichols*.  Circuit precedent forecloses both arguments.

The State's first argument lacks merit.  *Riddle* itself is directly contrary to the State's position.  "The abrogation of an en banc precedent is an extraordinary circumstance, external to [the petitioner] and not attributable to him."  *Riddle*, 523 F.3d at 857.  In subsequent cases we have repeatedly held that habeas petitioners satisfy the "extraordinary circumstance" requirement where *Riddle* rendered their petitions untimely. *See, e.g.*, *Shelton v. Purkett*, 563 F.3d 404, 407 (8th Cir. 2009), *cert. denied*, 558 U.S. ---, No. 09-5542 (Nov. 30, 2009); *Streu v. Dormire*, 557 F.3d 960, 968 (8th Cir. 2009); *Bishop v. Dormire*, 526 F.3d 382, 384-85 (8th Cir. 2008). The State cites no authority for the proposition that courts should demand pro se

petitioners to anticipate that a court will overrule established law. We therefore reject the State's first argument.

In the alternative, the State argues that *Riddle*'s overruling of *Nichols* was irrelevant to Burns's petition because her petition was untimely even under *Nichols*. This argument hinges on the State's claim that the 90-day period for filing a petition for a writ of certiorari from the United States Supreme Court began running after the denial of Burns's initial appeal, not after the denial of her petition for rehearing of that denial. However, our post-*Riddle* cases have held that "[u]nder *Nichols*, . . . the statute of limitations would have begun running 90 days *after the court of appeals denied rehearing*." *Streu*, 557 F.3d at 968 (emphasis added); *see also Shelton*, 563 F.3d at 407 ("Under *Nichols*, [Shelton's] AEDPA one-year statute of limitations clock did not begin to run until . . . ninety days *after the last entry of judgment* [denying rehearing] on the direct appeal was issued." (emphasis added)). Indeed, if the State's argument were correct that the 90-day period begins running from this earlier date, we could not have held that the petition in *Shelton* would have been timely under *Nichols*. *See* 563 F.3d at 407.[2] United States Supreme Court Rule 13.3 confirms this result: "[I]f a petition for rehearing is timely filed in the lower court . . . , the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing . . . ." Thus, we also find that the State's second argument is meritless.

Burns has therefore established the "extraordinary circumstance" requirement for equitable tolling. The district court made no findings related to the other

---

[2]The difference between the dates when the statute of limitations begins to run under *Nichols* and *Riddle* will generally be fewer than 90 days. Under *Riddle*, if a defendant does not file a petition for transfer to the Missouri Supreme Court, the end of the direct appeals process is the date the Missouri Court of Appeals issues its mandate. 523 F.3d at 856. However, the 90-day period for petitioning for a writ of certiorari with the U.S. Supreme Court begins to run, not from the date the mandate issued, but from the earlier date of the final order denying the appeal. *See Streu*, 557 F.3d at 968; U.S. Sup. Ct. R. 13.3.

requirement: whether Burns had been diligently pursuing her rights. Burns points to the letter from her attorney as evidence of her diligence. We have previously noted the relevance of such advice from counsel in examining the diligence requirement. *Riddle*, 523 F.3d at 857. As in *Riddle*, Burns "may receive the benefit of equitable tolling if [s]he can establish that a court's conduct 'lulled [her] into inaction through reliance on that conduct.'" *See id.* at 858 (quoting *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006)). However, because diligence is a fact-intensive question, we decline to rule on it in the first instance here. *See id.*; *Bishop*, 526 F.3d at 384-85. We therefore remand this case to the district court for a determination of whether Burns diligently pursued her rights during the time period in question.

## III.   CONCLUSION

For the foregoing reasons, we reverse the district court's holding that Burns did not satisfy the "extraordinary circumstance" requirement for equitable tolling and remand for further proceedings consistent with this opinion.

_____