# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1207

_____

Stacy King,

        Appellant,

v.

Ray Hobbs, Director,
Arkansas Department of Correction,

        Appellee.

      Appeal from the United States
      District Court for the
      Eastern District of Arkansas.

_____

Submitted: December 13, 2011
Filed: January 27, 2012

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Stacy King appeals the dismissal of his petition for writ of habeas corpus. The district court[1] determined that the petition was filed after the expiration of the one-year statute of limitations. See 28 U.S.C. § 2244(d). We affirm.

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

I.

On January 20, 2006, King was convicted of three counts of delivery of cocaine in the Circuit Court of Union County, Arkansas. He was sentenced as a habitual offender to three prison terms of sixty years, to be served consecutively. He appealed to the Arkansas Court of Appeals, arguing that the evidence was insufficient to support his convictions. The court of appeals affirmed on December 5, 2007, King v. State, No. CACR06-0952 (Ark. Ct. App. Dec. 5, 2007), and issued its mandate on December 27, 2007. King did not seek direct review from the Arkansas Supreme Court.

On January 22, 2008, King filed a Rule 37 petition seeking post-conviction relief from the circuit court. See Ark. R. Crim. P. 37. Following the circuit court's denial of relief, King appealed to the Arkansas Supreme Court and moved for an extension of time to file his appellate brief. The state supreme court concluded that King's appeal could not be successful. King v. State, No. CR 08-628, 2008 WL 4890015 (Ark. 2008). On November 13, 2008, it dismissed the appeal and declared that King's motion was moot. Id.

King filed a petition for writ of habeas corpus on November 13, 2009, believing that the statute of limitations had not been triggered until his post-conviction appeal had been dismissed. In a report and recommendation, the magistrate judge determined that King's petition was filed after the applicable statute of limitations deadline. The magistrate judge further concluded that King was not entitled to equitable tolling because he had failed to diligently pursue his rights. The district court adopted the report and recommendation in its entirety and dismissed King's petition with prejudice. D. Ct. Order of Nov. 5, 2010, at 1. The district court granted a certificate of appealability on the following issues: (1) whether King's petition is barred by the period of limitations and (2) whether he should be granted relief from the limitations by virtue of the doctrine of equitable tolling. Id. at 2.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to a state prisoner's petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled while state post-conviction or other collateral review is pending. § 2244(d)(2).

AEDPA's statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). "Review of a state criminal conviction by the United States Supreme Court is considered direct review of the conviction." Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir. 1998). If the petitioner pursues direct review to the Supreme Court, judgment becomes final at the "conclusion of direct review"—that is, when the Supreme Court "affirms [the] conviction on the merits or denies [the] petition for certiorari." Gonzalez v. Thaler, No. 10-895, 2012 WL 43513, at *9 (U.S. Jan. 10, 2012).

For all other petitioners, judgment becomes final at the "expiration of the time for seeking such review"—that is, "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." Id. at *9. The Supreme Court may review judgments of a "state court of last resort" or of a lower state court if the "state court of last resort" has denied discretionary review. Id. at *11 (citing Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a)). If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system. See id.; Sup. Ct. R. 13.1. "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez, 2012 WL 43513, at *3.

In Riddle v. Kemna, our en banc court concluded that the state supreme court was Missouri's "state court of last resort." 523 F.3d 850, 855 (8th Cir. 2008) (en banc). Riddle had not applied to transfer his case to the Missouri Supreme Court, and thus we concluded that his conviction became final when the Missouri Court of Appeals issued its mandate on direct appeal.[2] We held that "because the United States Supreme Court could not have reviewed Riddle's direct appeal, 'the expiration of time for seeking [direct] review' does not include the 90-day period for filing for certiorari." Riddle, 523 F.3d at 855 (alteration in original). Riddle overruled the holding of our earlier en banc decision in Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (en banc), that AEDPA's statute of limitations did not begin to run until ninety days after the Missouri Court of Appeals denied the direct appeal.

In Parmley v. Norris, 586 F.3d 1066 (8th Cir. 2009), a panel of our court applied the analysis set forth in Riddle to determine when the statute of limitations began to run for an Arkansas prisoner. After examining Arkansas court procedures, we concluded that the Arkansas Court of Appeals was not the "state court of last resort." Parmley, 586 F.3d at 1073.

A.

King first argues that his petition was timely under the law that applied at the time he filed his petition. He contends that the district court should have applied Nichols and allowed him the ninety-day toll on the statute of limitations. On April 8, 2008—while King's state post-conviction proceedings were pending—Riddle

---

[2]The Supreme Court's decision in Gonzalez v. Thaler abrogated our determination in Riddle, 523 F.3d at 856, that the direct-appeal mandate was the conclusion of direct review in the petitioner's case. Gonzalez, 2012 WL 43513, at *10-11. In Gonzalez, the Supreme Court instructed us that when a petitioner decides to forgo state-court appeals, we must "look to state-court filing deadlines" to determine the "expiration of the time for seeking [direct] review." Id. at *10 (quoting § 2244(d)(1)) (alteration in original).

overruled <u>Nichols</u>. 523 F.3d at 857-58. Accordingly, when King filed his petition for habeas relief, on November 13, 2009, <u>Riddle</u> was the law of the circuit. To the extent King argues that <u>Parmley</u> announced a new rule, his argument is misplaced. As stated above, <u>Parmley</u> applied the analytical framework set forth in <u>Riddle</u>.[3]

Under <u>Riddle</u> and as explained in <u>Parmley</u>, King's petition was untimely. Direct review of King's conviction was complete on December 26, 2007.[4] AEDPA's statute of limitations thus began running on December 27, 2007. <u>See</u> Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period); <u>Moore v. United States</u>, 173 F.3d 1131, 1133-35 (8th Cir. 1999) (applying Federal Rule of Civil Procedure 6(a) to AEDPA statutes of limitations). The time period was tolled during the pendency of King's Rule 37 petition, from January 22, 2008, to November 13, 2008. <u>See</u> § 2244(d)(2). On November 14, 2008, the statute of limitations resumed running. <u>See</u> Fed. R. Civ. P. 6(a)(1)(A). Accordingly, when King filed his federal habeas petition on November 13, 2009, more than one year had passed, and the statute of limitations had run.

---

[3]<u>Parmley</u> was filed on November 16, 2009, three days after King filed his federal habeas petition.

[4]The Arkansas Court of Appeals denied King's direct appeal on December 5, 2007. A petition to review a decision of the court of appeals "must be filed within 18 calendar days from the date of the decision . . . ." Ark. Sup. Ct. R. 2-4(a). When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day." Ark. R. App. P. Crim. R. 17. Eighteen days from December 5 is December 23. In 2007, December 23 fell on a Sunday. Because December 24 and 25 are legal holidays in Arkansas, <u>see</u> Ark. Code § 1-5-101(a)(9)-(10), the time for filing King's petition for review was December 26, 2007.

B.

Alternatively, King argues the statute of limitations should have been equitably tolled. "[Section] 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Riddle, 523 F.3d at 857 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

King cannot show that he had been pursuing his rights diligently. King argues that his habeas attorney had studied the record, conducted research, and consulted with another attorney to determine when King's statute of limitations would expire. King's attorney, however, apparently was not aware of our en banc decision in Riddle. After Riddle issued, his attorney was on notice that we would consider Arkansas appellate court procedures to determine whether the Arkansas Court of Appeals was the "state court of last resort." At least one published decision from the Eastern District of Arkansas recognized that Nichols had been overruled and concluded that, after Riddle, the Arkansas Court of Appeals is not the state court of last resort. Ben-Yah v. Norris, 570 F. Supp. 2d 1086, 1089-95 (E.D. Ark. 2008) (decided during the pendency of King's post-conviction proceedings and while the statute of limitations was stayed). King has thus failed to satisfy the first requirement of equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."); cf. Maples v. Thomas, No.10-63, 2012 WL 125438, at *10 (U.S. Jan. 18, 2012) ("Thus, when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause. We do not disturb that general rule." (citation omitted)).

King also cannot meet the second requirement of equitable tolling: that some extraordinary circumstance stood in his way. Although "[t]he abrogation of an en banc precedent is an extraordinary circumstance," <u>Riddle</u>, 523 F.3d at 857, our en banc decision in <u>Riddle</u> did not stand in the way of King's petition being timely. As set forth above, <u>Riddle</u> was decided while King's statute of limitations was stayed and more than a year before King's petition was ultimately due. King thus could have complied with the statute of limitations, as calculated after <u>Riddle</u>. King's case is thus distinguishable from the cases in which <u>Riddle</u> rendered the prisoner's petition untimely. <u>See, e.g.</u>, <u>Riddle</u>, 523 F.3d at 857; <u>Burns v. Prudden</u>, 588 F.3d 1148, 1150-51 (8th Cir. 2009) (prisoner filed her petition the same day <u>Riddle</u> issued); <u>Shelton v. Purkett</u>, 563 F.3d 404, 407 (8th Cir. 2009) (prisoner filed his petition before <u>Riddle</u> issued); <u>Streu v. Dormire</u>, 557 F.3d 960, 968 (8th Cir. 2009) (same); <u>Bishop v. Dormire</u>, 526 F.3d 382, 384 (8th Cir. 2008) (same). Given the amount of time between the issuance of <u>Riddle</u> and King's AEDPA deadline, we cannot say that <u>Riddle</u> stood in King's way of timely filing his petition.

III.

The judgment is affirmed.

_____